```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSARIO ROSE TAYLOR,              :    CIVIL ACTION
                                  :    NO. 11-1170
          Plaintiff,              :
                                  :
     v.                           :
                                  :
KATHRYN H. ANDERSON, et al.,      :
                                  :
          Defendants.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              July 2, 2012

Rosario Rose Taylor ("Plaintiff") brings this pro se employment discrimination action against U.S. Census Bureau employees Kathryn H. Anderson, Patricia A. Dennis, Wesley R. Garrett, John Dozier, Kimberly Williams, and Jennifer Selby ("Defendants").[1] Defendants move for summary judgment. Because there is no evidence suggesting Plaintiff was subject to unlawful discrimination, the Court will grant Defendants' Motion.

---

[1] Because Plaintiff's allegations fall under Title VII of the Civil Rights Act of 1964 ("Title VII"), the proper defendant in this case is the head of the appropriate department, agency, or unit. See 42 U.S.C. § 2000e-16(c) (2006). In this case, the proper defendant would be Acting Secretary of Commerce and Deputy Secretary of Commerce Rebecca M. Blank. For the sake of judicial economy, the Court proceeds to the merits of this action despite Plaintiff's failure to name the correct defendant.

**BACKGROUND**[2]

**I.**

Plaintiff began working as an enumerator for the U.S. Census Bureau ("USCB") in April 2010. Taylor Dep. 16:9-13, Dec. 22, 2011. As an enumerator, Plaintiff visited residences and asked individuals to complete census questionnaires. Id. at 20:6-13.

When Plaintiff arrived for training, she learned her neighbor, Jennifer Selby, also worked at the USCB. Id. at 26:9-12. In December 2007, Selby crashed her vehicle into Plaintiff's fence. Id. at 26:22-28:15. Plaintiff believes Selby intentionally caused the accident. Id. at 29:12-15.

At the USCB, John Dozier directly supervised Plaintiff. Id. at 25:3-5. Plaintiff believes Dozier and Selby share an inappropriate sexual relationship. Id. at 49:17-20. And Dozier knew that Selby crashed her vehicle into Plaintiff's fence. Id. at 49:21-50:1.

Throughout her deposition, Plaintiff complained of the following adverse actions. Dozier misinformed her of the time training would begin in the morning.[3] Id. at 50:24-51:19. Dozier

---

[2] THE COURT TAKES THE FOLLOWING FACTS PRIMARILY FROM PLAINTIFF'S DEPOSITION TESTIMONY. AT THIS STAGE IN THE PROCEEDING, THE COURT VIEWS THE FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF AND DRAWS ALL REASONABLE INFERENCES IN PLAINTIFF'S FAVOR.

[3] After Plaintiff confronted Dozier about this incident, Plaintiff stated that Dozier entered the office of an unknown individual, who was not associated with the USCB, and made

delayed issuing Plaintiff an identification badge by about twenty minutes. Id. at 58:19-59:7. Dozier sent Plaintiff to provide her fingerprints a second time and, when she returned, she did not receive certain census materials along with the other trainees, which delayed her compensation.[4] Id. at 62:5-64:1. Dozier misinformed Plaintiff regarding her completion of the census materials. Id. at 67:18. Dozier took issue with the way Plaintiff documented vacant houses on the census materials. Id. at 67:21-70:2. Plaintiff claims Dozier "tampered" with her census materials after she completed them.[5] Id. at 71:25-74:11. Plaintiff believes Dozier made her coworkers avoid her, but does not know what he said about her and did not directly witness Dozier making any statements about her to her coworkers. Id. at 75:11-19; 78:17-18. Dozier told Plaintiff she was "fired" after she told him that she did not believe the census group "got

---

misrepresentations about the incident. Id. at 56:19-57:23. However, Plaintiff has no personal knowledge as to what was said in the office, much less that Dozier made misrepresentations regarding Plaintiff. Id.

[4] After her fingerprints cleared, Dozier delivered the census materials to Plaintiff. Taylor Dep. 64:2-22. This three-day delay in her training caused her to lose compensation. Id. at 65:10-13.

[5] Plaintiff discovered the so-called "tampering" when another enumerator, Kimberly Williams, erased mistakes from Plaintiff's census materials and re-interviewed certain individuals on Plaintiff's census lists. Taylor Dep. 72:23-9; 97:18-17. Plaintiff named Williams in this lawsuit because she assisted Dozier in "tampering" with her census materials. Id. at 97:14-98:17.

along." Id. at 80:12-81:18. Plaintiff was not terminated at this time.[6] Id. at 80:24-81:5.

      In May 2010, Plaintiff claims Dozier did not assign her more work. Id. at 70:5-71:18. But by that time, nearly all the census-taking work in her district was finished. Palmer Aff. 3, Mot. Summ. J. Ex. B, ECF No. 28. And the USCB terminated most of the enumerators around this time. Id. Despite complaints regarding the quality of Plaintiff's work and her inability to get along with coworkers, the USCB reassigned Plaintiff to a different district with more work to complete. Dennis Aff. 3, Mot. Summ J. Ex. B.

      Plaintiff testified that the adverse actions she complains of in this lawsuit were retaliation for the fence incident. Taylor Dep. 50:2-12; 58:1-8. When asked for specific reasons why she alleged Defendants discriminated against her based on race, Plaintiff could not provide a single reason to support her allegations, save for her self-serving, bare accusations that Defendants discriminated against her and her unfounded suspicion that the U.S. Department of Commerce might have instructed Defendants to keep a "black Cuban" off the payroll. Id. at 86:9-89:11.

---

[6] Plaintiff complained about Dozier to Kathryn Anderson, Patricia Dennis, and Wesley Garrett, who did nothing to address her concerns. Taylor Dep. 90:9-97:17.

On August 1, 2010, the USCB officially terminated Plaintiff's employment because the census was completed. Notification of Personnel Action 1, Mot. Summ. J. Ex. B. By that time, Plaintiff worked twenty-six days and about ninety-seven hours in pay status. Id.

**II.  PROCEDURAL HISTORY**

On May 23, 2011, Plaintiff filed a "New and Completed Second Amended Complaint," the operative complaint in this action. Defendants moved to dismiss. Following a hearing, the Court denied the motion to dismiss without prejudice and ordered Defendants to take Plaintiff's deposition and file a motion for summary judgment. Order ¶¶ 1-3, Dec. 5, 2011, ECF No. 20.

On February 6, 2012, Defendants filed a Motion for Summary Judgment and attached Plaintiff's deposition transcript and the administrative record from an Equal Employment Opportunity Commission ("EEOC") investigation into Plaintiff's claims of discrimination to their Motion.[7] Plaintiff responded by letter to the Court. Letter from Plaintiff to Robreno, J. (Mar. 20, 2012), ECF No. 31. In her letter, Plaintiff does not attempt to identify any dispute of material fact and, in fact, admits

---

[7] Plaintiff filed a formal charge of discrimination with the EEOC on July 6, 2010. Defendants represent that the EEOC complaint was dismissed for lack of jurisdiction on August 3, 2011. Mot. Summ. J. 7.

5

that she did not read beyond the first page of Defendants' Motion for Summary Judgment. Id. at 2.

**LEGAL STANDARD**

**III.**

Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the

nonmoving party, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**DISCUSSION**

IV.

Plaintiff claims Defendants discriminated against her on the basis of race and national origin. Title VII prohibits federal executive agencies from taking personnel actions on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16 (2006). Because Plaintiff does not proffer direct evidence of discrimination, her claim proceeds under the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, Plaintiff bears the initial burden of demonstrating a prima facie case of unlawful discrimination. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

To establish a prima facie case of discrimination, Plaintiff must show (1) she was a member of a protected class; (2) she was qualified; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances that raise an inference of discriminatory action. See id. The Court determines whether Plaintiff established a prima facie case of unlawful discrimination as a matter of law.[8] See id.

---

[8] Upon establishing a prima facie case, the burden of production shifts to Defendants to articulate a legitimate,

Upon review of the evidence of record in this case, Plaintiff fails to establish a prima facie case of unlawful discrimination. Throughout her deposition, Plaintiff explained that she believed Dozier took adverse actions against her because he had a sexual relationship with Selby, who destroyed Plaintiff's fence with her vehicle. And when counsel for Defendants pressed Plaintiff to explain why she claims Defendants discriminated against her based on her race or national origin, Plaintiff could not provide a single reason, but for her own suspicions, to justify the serious allegations of unlawful discrimination she asserts here. Because there is no evidence even to raise an inference of discrimination, Plaintiff fails to establish a prima facie case under Title VII.[9] See Dellapenna v. Tredyffrin/Easttown Sch. Dist., 449 F. App'x 209, 214 (3d Cir. 2011) ("At bottom, there is nothing in the record suggesting that [the plaintiff] was fired because of her race, national origin, or gender. [The plaintiff] instead submits for our consideration

---

nondiscriminatory reason for taking an adverse action. See Sarullo, 352 F.3d at 797. The ultimate burden, however, rests with Plaintiff to show that the proffered reason is merely pretext for discrimination and that the real reason Defendants took an adverse action is unlawful discrimination. See id.

[9]   Furthermore, even if Plaintiff established a prima facie case of unlawful discrimination, Defendants proffered sufficient evidence indicating that the USCB hired Plaintiff on a temporary basis and terminated her because the census was completed. Plaintiff failed to challenge, in any way, this legitimate, nondiscriminatory reason.

only her subjective suspicions of discrimination, which are not sufficient to create an issue of material fact.").

**CONCLUSION**

V.

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment and enter judgment in favor of Defendants and against Plaintiff. An appropriate order will follow.